UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID A. MOORE,<br><br>                Plaintiff,<br><br>    v.<br><br>KING COUNTY JAIL, et al.,<br><br>                Defendant. | CASE NO. C17-347 JCC-BAT<br><br>**ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND** |

Plaintiff, David Moore, is confined at the King County Jail. Proceeding pro se, he alleges the Seattle Police attacked him and that he has been denied him adequate medical care. As defendants, he names King County Jail, Seattle Police Department, King County Ombudsman, King County Sheriff's Office, King County Civil Rights Office, King County Superior Court and King County Office of Public Defense. Dkt. 1, 5. The Court **DECLINES** to serve the complaint. As discussed below, the complaint is deficient and should be dismissed. However, because plaintiff proceeds pro se, the Court will not dismiss the complaint but instead **GRANTS** plaintiff leave to file, by **May 15, 2017,** an amended complaint that cures the deficiencies. The Court will recommend dismissal if plaintiff does not timely file a complaint that cures the deficiencies.

ORDER DECLINING SERVICE AND GRANTING LEAVE
TO AMEND - 1

## PLAINTIFF'S ALLEGATIONS

Plaintiff submitted a complaint, Dkt. 1, and a statement of claim, Dkt. 5. In essence, the pleadings allege the following: In January 2010, the Seattle Police attacked him and charged him with malicious harassment. After his arrest, the police took plaintiff to the King County Jail. Although he needed medications for abscessed teeth, the jail refused to provide plaintiff adequate treatment. In 2010, Superior Court Judge Sharon Armstrong forced him to go pro so in his criminal case as punishment revolving around a conflict of interest with his public defender, SCRAP. At some point in 2010, while the criminal case was pending, plaintiff was sent to Western State Hospital. Plaintiff avers he not receive adequate treatment there. After returning from Western State Hospital, plaintiff appeared before Superior Court Judge Heavey and struck a plea deal on the malicious harassment charge. Plaintiff was released in late 2010 from the King County Jail after spending 8-10 months in custody. After his release, plaintiff went to the Public Health Department avers the medications he received had bad side effects. In January of 2011, plaintiff was admitted to Harborview Medical Center via the ER. He alleges the hospital did provide adequate medical care.

## DISCUSSION

The Court declines to serve the complaint because it deficient. If the deficiencies are not cured, the Court will recommend the case be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1). To state a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420

(9th Cir. 1991). In other words, plaintiff must describe who violated his rights, when they violated his rights, and how this violation caused him harm. Absent such allegations, the individuals named in the complaint will be dismissed.

**A.    King County Jail**

Plaintiff seeks to sue the King County County Jail, which is a governmental agency that normally cannot be sued under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). The proper defendant is King County, a municipality that can be sued under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, to pursue a claim against King County, plaintiff must allege facts setting forth how King County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that King County ratified the unlawful conduct. *Monell,* 436 U.S. at 690–91. Plaintiff must allege these additional facts or show cause why his claims against King County Jail should not be dismissed.

**B.    King County Judges and Public Defenders**

Plaintiff alleges a Superior Court Judge forced him to go pro se due to a conflict of interest with his public defender. Plaintiff's allegations appear to involve a situation in which he disagrees with a judge's determination as to the status of his counsel. Plaintiff cannot sue for monetary damages against the judges in his criminal cases because monetary damages against judges are barred by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991). *Accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted).

Plaintiff also seeks to sue his public defender. He has not set forth any facts as to how or why his public defender violated his rights. Additionally, the a public defender acting in his or her role as advocate is not considered a state actor for purposes of bringing suit under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

**C.     Unnamed Defendants**

Plaintiff alleges police officers attacked him and that the Jail's medical staff, staff at Western State and staff and the Public Health Office denied him adequate medical care. He also names the County Ombudsman and Civil Rights Office, though it is unclear how or why they violated plaintiff's rights. The Court cannot serve a complaint on unnamed parties. To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that a particular named defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

In short, plaintiff must name the individual defendants that he alleges attacked him, denied him medical care or violated some other constitutional right. He must also set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff (that is what each defendant did; how the acts harmed him; and when the actions occurred). *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

**D.     Statute of limitations**

Section 1983 actions filed in this district apply the three year statute of limitations under RCW § 4.16.080. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). A § 1983 action accrues and the statute of limitations begins to run when a plaintiff knows or has reason to know of the injury that forms the basis of his or her action. *Bagley v. CMC Real Estate*

*Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Here, all of plaintiff's allegation arise from conduct he alleges occurred in 2010 and 2011. Plaintiff clearly knew about the allegations—being attacked, disagreement with the superior court judge and public defender, actions or inaction by the ombudsman and civil rights office, and inadequate medical treatment—and was therefore required to file his complaint by 2014 at the latest.

## CONCLUSION

The Court **DECLINES** to serve the complaint as it is deficient. Because plaintiff is proceeding pro se, rather than dismissing the case, the Court grants him permission to file, by **May 15, 2017**, an amended complaint to cure the above-mentioned deficiencies. The amended complaint will act as a complete substitute for the original complaint and not a substitute. Plaintiff must therefore again include all the facts supporting his claims against the individual defendants, along with any additional facts which he contends support a claim against the defendants.

The amended complaint must carry the same case number as this one. **If no amended complaint is timely filed, the Court will recommend that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 17th day of April, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge